# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | ) 1:13-cv-00045-BAM (PC) |
| Plaintiff, | ) ORDER REQUIRING PLAINTIFF TO PAY |
| v. | ) FILING FEE IN FULL WITHIN FOURTEEN |
| | ) DAYS (ECF No. 1) |
| RALPH M. DIAZ, | ) FOURTEEN-DAY DEADLINE |
| Defendant. | ) |
| | ) |

Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 11, 2013.  Plaintiff has failed to pay the required filing fee for this case and, for the reasons discussed below, may not proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## I.      Plaintiff's Allegations

In his complaint, Plaintiff sues the following persons:  (1) D. Castano, LVN at CSP Corcoran; (2) Dr. H. Nguyen; (3) Dr. Yu; (4) Dr. E. Clark; (5) S. Johnson, Chief Deputy Warden; (6) Dr. J. Wang; (7) R. Madruga, Appeals Coordinator; (8) L. Vasquez, Appeals Coordinator; (9) Dr. R. Gill; (10) Dr. O. Bergovaskaya, Pain Committee; (11) Dr. C. McCabe; and (12) Dr. J. Moon.  (ECF No. 1, pp. 2-3, 9.)

Plaintiff contends that in 2003 he was diagnosed with a genetic blood clotting disorder.  He also was diagnosed with Inflammatory Bowels Disease and Celiac Disease in 1994.  Plaintiff

alleges that Defendants R. Madruga, L. Vasquez and S. Johnson failed or refused to process and return his emergency medical appeals.  Plaintiff reportedly filed these emergency medical appeals against Defendants Costano, Dr. N. Nguyen, Dr. Yu, Dr. E. Clark, Dr. J. Wang, Dr. O Bergovaskaya, Dr. C. McCabe, Dr. J. Moon and Dr. E. Wagner for discontinuing his pain medications (morphine) on November 17, 2011.  Plaintiff indicates that he was given such pain medication for his severe ailments, including deep vein blood clots in his legs and ulcerations, pain, swelling, discomfort, severe stomach cramps, bloody diarrhea and weight loss.  Plaintiff alleges that his morphine was discontinued for no reason.   (ECF No. 1, p. 9.)

Plaintiff further alleges that when he filed appeals on June 15, 2011, November 17, 2011 and November 5, 2010, against the pain committee, appeals coordinators and medical staff, the appeals were not processed or returned.  Instead, he received blank forms with "Bypass" stamped on them and log numbers.  Plaintiff contends that his access to the court has been repeatedly denied, causing injury, including denial of treatment for his serious medical needs.  (ECF No. 1, pp. 9.)  He asserts causes of action for deliberate indifference for the denial of treatment in violation of the Eighth Amendment and denial of access to the courts.  (ECF No. 1, p. 10.)

## II.   Section 1915(g)

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In this case, Plaintiff asserts that he is not subject to section 1915(g) because the Ninth Circuit Court of Appeals ruled in 1:11-cv-00990-AWI-SKO that he has "not been struck out." (ECF No. 1, p. 10.)  Plaintiff believes the Court is not required to "impose the three strikes

standard" because of the Ninth Circuit's reversal.  (ECF No. 1, p. 10.)  Plaintiff attaches a copy of the Ninth Circuit's order.  (ECF No. 1, p. 11.)

Plaintiff mischaracterizes the nature of the Ninth Circuit's order attached to his complaint.  In that order, the Ninth Circuit allowed Plaintiff to proceed in forma pauperis on appeal because the appeal itself "present[ed] a non-frivolous question as to whether appellant has had three prior actions dismissed as frivolous, malicious or for failing to state a claim, for purposes of 28 U.S.C. § 1915(g)."  (ECF No. 1, p. 11.)  Contrary to Plaintiff's statement, there is no finding by the Ninth Circuit that Plaintiff "had not been struck out."  Rather, the Ninth Circuit found that Plaintiff had raised the issue of whether he was subject to section 1915(g) as part of his appeal.

Having considered Plaintiff's claims, the Court finds that Plaintiff has had three or more actions dismissed as frivolous or for failing to state a claim.[1]  Therefore, he may proceed in forma pauperis only if he is in imminent danger.  The determination of whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible.  Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Here, Plaintiff claims that he is under imminent danger of serious physical injury on a daily basis because Defendants continue to deny him treatment and pain meds (morphine).  The Court finds that Plaintiff has not met the imminent danger exception for three reasons.  First, Plaintiff's assertion of imminent danger of serious physical injury is conclusory at best. Andrews, 493 F.3d at 1055.  Plaintiff does not provide any factual allegations regarding the discontinuance of his morphine in 2011 or the denial of some unspecified treatment.  Second,

---

[1] The Court takes judicial notice of case numbers 2:98-cv-00180-FCD-JFM PC Bradford v. White (E.D. Cal.) (dismissed 06/03/1999 as time barred); 2:02-cv-01859-FCD-GGH PC Bradford v. Terhune (E.D. Cal.) (dismissed 06/18/2003 pursuant to section 1915(g) on a motion to dismiss); 1:04-cv-05496-AWI-DLB PC Bradford v. Terhune (E.D. Cal.) (dismissed 10/21/2004 for failure to state a claim); 2:05-cv-00862-FCD-DAD PC (E.D. Cal.) (dismissed 09/30/2005 for failure to state a claim and as frivolous); and 1:07-cv-01031-OWW-LJO Bradford v. Superior Court of California (E.D. Cal.) (dismissed 08/21/2007 as frivolous).

Plaintiff's assertion of imminent physical danger is not plausible.  Id.  The fact that Plaintiff's morphine allegedly was discontinued in 2011 does not assist Plaintiff in demonstrating that at the time he filed this action in 2013 he was under imminent danger of serious physical injury. Rather, Plaintiff's allegations in this action suggest the exact opposite; that is, the discontinuation of morphine in 2011 did not result in any physical danger and Plaintiff has not suffered any such injury.  Third, Plaintiff's contentions regarding imminent physical danger are unrelated to his claim that his emergency medical appeals were not properly processed, which in turn denied him access to the courts.  Although Plaintiff has made a conclusory allegation regarding the denial of some unspecified treatment and the discontinuation of morphine, this is not sufficient.  The Court recognizes that the entire complaint must proceed if the exception is met and the Court may not parse out claims that do not involve imminent danger.  Andrews, 493 F.3d at 1053-54 (entire complaint must proceed even though only some of the claims involve imminent danger). However, as stated above, Plaintiff's allegations do not suggest that he was in imminent danger resulting from the discontinuation of morphine in 2011 at the time he filed this action.

### III.   Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1.  Plaintiff shall pay the $350.00 filing fee in full within **fourteen (14) days** from the date of service of this order; and

2.  If Plaintiff fails to pay the $350.00 filing fee in full within fourteen days, this action shall be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   __April 1, 2013__          ___/s/ Barbara A. McAuliffe___
                                    UNITED STATES MAGISTRATE JUDGE

4